IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN THE MATTER OF

SHARON LYNN LAPIN – #165919

No. C 12-80289 WHA

**ORDER OF SUSPENSION**

/

On December 10, an order issued directing attorney Sharon Lynn Lapin to show cause why her membership in the bar of this Court should not be suspended due to her involuntary inactive enrollment status in the State Bar of California. Local Rule 11-7(b)(2) provides:

> An attorney who wishes to contest reciprocal discipline must file with the Court a timely response to the order to show cause. . . . The response to the Order to Show Cause must set forth facts establishing one or more of the following: (a) the procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; (b) there was such an infirmity of proof establishing the misconduct as to give rise to a clear conviction that the Court should not accept as final the other jurisdiction's conclusion(s) on that subject; (c) imposition of like discipline would result in a grave injustice; or (d) other substantial reasons exist so as to justify not accepting the other jurisdiction's conclusion(s). In addition, together with the response to the Order to Show Cause, the attorney must lodge with the Court a certified copy of the entire record from the other jurisdiction or bear the burden of persuading the Court that less than the entire record will suffice.

Ms. Lapin asserts that the disciplinary procedures before the state bar did not provide adequate due process and were subject to infirmities of proof. The only facts that Ms. Lapin asserts in support of this contention, however, are that her request for oral argument on a motion

for reconsideration was denied, and that she does not believe that the judge considered her reply brief on that motion. These facts are insufficient to demonstrate a lack of due process. Ms. Lapin provides no facts in support of her contention that there were infirmities of proof; she merely states that she has appealed the state bar decision. This is likewise inadequate.

Moreover, Ms. Lapin fails to explain why she did not comply with her obligation to lodge a certified copy of the entire record from the state court proceedings. Ms. Lapin's vague statement that "she is not in a present position" to provide a copy of the record and that she hopes this Court will obtain the record on its own fail to establish that something "less than the entire record will suffice."

Cause not shown, Ms. Lapin's membership in the bar of this Court is hereby **SUSPENDED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: January 14, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE